IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

NO. 5:15-CV-576-FL

| | | |
|---|---|---|
| MIGUEL CONTRERAS, *individually and on behalf of all similarly situated individuals*, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | ORDER |
| TRICOMM UTILITY SERVICES LLC; MICHAEL SWEAT; and NICHOLAS BONEY, | ) ) ) ) | |
| Defendants. | ) ) | |

This matter comes before the court on plaintiff's motion for conditional certification of an opt-in class for purposes of prosecuting a collective action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b). (DE 15). In addition, plaintiff also moves the court to approve proposed notice to all potential class members and direct defendants to produce a list of all employees that fall within plaintiff's proposed class definition. Plaintiff has submitted his motion to the court without proof of service of process on defendants, and plaintiff's motion contains no indication he has served the same on defendants. For the reasons that follow, plaintiff's motion is denied without prejudice and plaintiff is directed to serve defendant with process.

## COURT'S DISCUSSION

Plaintiff brings this proposed collective action to recover unpaid overtime wages for himself and other similarly-situated employees of defendant TriComm Utility Services LLC, under FLSA § 216(b). See 29 U.S.C. § 216(b). He moves the court to conditionally certify a class, approve

notice to potential class members, and, to assist in delivery of that proposed notice, enter an order directing defendant to produce a list of all current or former employees falling into his proposed class definition.

Plaintiff has not filed on the docket a return evidencing service of process on defendants. Moreover, plaintiff fails to indicate that he has served the instant motion on defendants. Those failure preclude decision on plaintiff's motion at this time. Defendants are "entitled to submit proof . . . at the [conditional certification] phase in an attempt to rebut plaintiff['s] assertions that members of the proposed class are similarly situated." 1 McLaughlin on Class Actions § 2:16 (12th ed.). Plaintiff's failure to serve defendants with the motion both deprives them of any opportunity to respond and precludes their ability to submit proof in opposition to plaintiff's proposed class definition. Moreover, without valid service of process the court is without jurisdiction to grant plaintiff his requested order compelling defendants to disclose a list of employees falling into plaintiff's proposed class definition. See Armco, Inc. v. Penrod-Stauffer Bldg. Sys., Inc., 733 F.2d 1087, 1089 (4th Cir. 1984).

## CONCLUSION

Based on the foregoing, plaintiff's motion for conditional class certification, approval of notice, and an order directing defendant to disclose a list of employees falling into plaintiff's proposed class definition (DE 15), is DENIED WITHOUT PREJUDICE. Plaintiff is DIRECTED to effectuate service on defendants.

SO ORDERED, this the 22nd day of December, 2015.

_Louise W. Flanagan_
LOUISE W. FLANAGAN
United States District Judge